

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DELSIE E. BROOKENS,<br>        PLAINTIFF, | )<br>)<br>) |
| v. | ) C.A. No. _ 0 7 - 3 8 7<br>) |
| GENERAL MOTORS CORPORATION,<br>  a Delaware corporation;<br>GENERAL MOTORS CORPORATION,<br>  Plan Administrator, and<br>GM HOURLY-RATE EMPLOYEES PENSION<br>PLAN, an employee pension benefit plan,<br>        DEFENDANTS. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

COMES NOW DELSIE E. BROOKENS (hereinafter "Plaintiff" or

"DELSIE") and, by undersigned counsel, and as a cause of action against the above

named Defendants, hereby alleges as follows:

### JURISDICTION

1. This Court has jurisdiction over the subject matter of this action

under 29 U.S.C. Section 1132(e)(1), the pendent jurisdiction of this Court, and

under 28 U.S.C. Section 1331.

2. A copy of this Complaint has been served on the Secretary of Labor

and the Secretary of Treasury of the United States by certified mail.

## VENUE

3. Venue lies in the District of Delaware under 29 U.S.C. Section 1132(e)(2), and 28 U.S.C. Section 1391(b).

## THE PARTIES

4. Plaintiff, Delsie E. Brookens, (hereinafter "Plaintiff" or "Delsie") is a resident of Delaware, and the spouse of a former employee of General Motors Corporation at its Wilmington, Delaware site.

5. Defendant General Motors Corporation, Inc. (hereinafter "Company") is a Delaware corporation having a business office in Wilmington, Delaware. The Company is an employer engaged in commerce or in an industry or activity affecting commerce within the meaning of Section 3(5), (11) and (12), Employee Retirement Income Security Act of 1974, ("ERISA"), 29 U.S.C. Sec. 1002(5), (11) and (12), and is the Plan Administrator for Defendant Plans herein. The Company is a fiduciary with respect to each Defendant Plan herein and, as to each beneficiary of each Plan, within the meaning of Section 3(21), ERISA, 29 U.S.C. Sec. 1002(21).

6. Defendant GM Hourly-Rate Employees Pension Plan together with its associated Trust (hereinafter "Pension Plan") is a defined benefit pension plan maintained by the Company and is a pension benefit plan described in Section 3(2) and (3), ERISA, 29 U.S.C. Sec. 1002(2) and (3). The Pension Plan is sponsored by

the Company as defined by Section 3(16), ERISA, 29 U.S.C. Sec. 1002(16), and is funded by a trust separate from the general assets of the Company.

## COMMON FACTS

7. Delsie is the divorced spouse of David I. Brookens (hereinafter "Brookens"), having been married to said David I. Brookens for 27 years. David I. Brookens was a former employee of the Company and at all times during his employment maintained the status of a full-time employee with the Company. His service with the Company totaled over 27 years.

8. The Company, as employer of Brookens, provided to him as a full-time hourly employee, and as part of his compensation package, various employee plan benefits in addition to his salary, including the benefits sought in this Complaint.

9. The Company, during its employment of Brookens, was the sponsor of, and presently is the sponsor of and does maintain the Pension Plan and was and is a fiduciary of each of the plan during Brookens' employment.

10. Brookens, as a full-time employee with in excess of fifteen years service with the Company, is/was a Participant in the Pension Plan and entitled to benefits as established by the terms of the plan document. The status of Elsie and Brookens to any other Defendant plans and benefits thereof is determined by, and is affected by, his status as Participant in the Pension Plan.

11. As a result of his death and the termination of his job thereby, as of March 28, 1992, this event caused the Plan to incur an obligation to pay Delsie a survivor benefit pursuant to her status as spouse as of the time Brookens died.

12. No payment was made to Delsie concurrent with the death of Brookens until the Company, as Plan Administrator, was advised by counsel for Delsie that she was the surviving spouse of Brookens. As a result of this advice, Company and the Pension Plan paid Delsie retroactive payments of $25,221.23 on October 1, 2004, representing the monthly benefit due her from March 1, 1992.

13. Delsie, through counsel, applied for interest on delayed payments to the Plan Administrator but was advised that the Pension Plan did not provide for payments of interest on delayed payments. This advice was received by letter from the Company/Plan Administrator on July 19, 2005 advising of same.

14. When the Company failed to respond to all requests for further clarification of their desired information, to date, no response to that request has ever been made, nor has any other effort or communication with Delsie or counsel for Delsie been made to resolve an obvious error to recognize the decision of the Third Circuit Court of Appeals in Skretvedt v. Dupont, et.al., 372 3.rd 193 (3rd Cir.2004).

## COUNT I - PENSION BENEFITS UNDER ERISA

## DELSIE E. BROOKENS v. PENSION PLAN

15. The allegations in Paragraphs 1. through 14. are hereby incorporated by reference as if fully restated.

16. On information and belief the Pension Plan provides that an employee's spouse is entitled to a survivor benefit on death of the employee.

17. Delisie meets the status of surviving spouse and received as retroactive payment from the Pension Plan of $25,221.23 as of October, 2004, representing payments due her as of March 1, 1992. Request was made to the Plan Administrator to pay Delsie an amount representing "interest" on said amount for the ensuing 12 and ½ half years. This request was refused by notice from the Plan Administrator dated November 5, 2004.

18. As a result of the refusal of the Plan Administrator to respond to Delsie's request for "interest" or other disgorgement of profits accrued to the Pension Plan over 12 and ½ half years, Delsie demands said amounts, together with costs and attorney's fees.

19. Delsie makes note here that said payments were made **voluntarily** by said Pension Plan/Plan Administrator as properly due but did not include any disgorgement of profits accrued by retention of properly due payments.

20. Delsie invokes this Court's jurisdiction under 29 U.S.C. Sec. 1132 (a)(1)(B), [Employee Retirement Income Security Act, Sec. 502 (a)(1)(B)] and 29 U.S.C Sec. 1132(a)(3) to recover disgorgement of profits on benefits due her, to award her amounts due by virtue of the Company as Plan Administrator fiduciary retaining said benefits due her of any and all of profits, income and/or interest obtained by its retention of amounts of benefits not paid to Delsie timely according to the original death date of her spouse, and to enforce her rights under said Pension Plan and any other related Plans of the Company, and to clarify her rights to future awards under the theory of a disgorgement of profits process as determined by the Third Circuit decision in Skretvedt v. DuPont, et.al., 372 F.3d 193 (3rd Cir. 2004).

21. The Pension Plan as operated by its Plan Administrator denied Delsie her status of spouse of a pensioner by failing to find that she was the spouse of an employee entitled to have his spouse benefit from the survivor benefit, in violation of the terms of the Pension Plan and the Employee Retirement Income Security Act ("ERISA").

22. Delsie has previously exhausted the required administrative remedies of the Pension Plan and otherwise met the requirements of 29 U.S.C. Sec. 1133 (ERISA Sec. 503).

23.  Prior discovery has not made known the profits, income, interest obtained by the Pension Plan, all in violation of Section 503, ERISA, 29 U.S.C. Sec. 1133, and as should be made known to a beneficiary of said plans by the fiduciary Company under the provisions of trust law embodied within ERISA and as required under the above Third Circuit decision in Skretvedt, Delsie hereby makes allegation that the Company, as fiduciary, has failed in its fiduciary duty to provide said information to date.

24.  The Plan Administrator of the Pension Plan, as controlled by the Company, has exhibited bad faith and a conflict of interest in denying Delsie's entitlement to a disgorgement of profits from said Pension Plan and Trust.

25.  The Company through its agents, officers and managers have exhibited bad faith and a conflict of interest toward Delsie in denying her claim for "interest" on her spousal benefits retained by said Company and Pension Plan employment by claiming said moneys are not named specifically as due under terms of the statement of benefits under provisions of the Pension Plan.

WHEREFORE, Plaintiff, Delsie E. Brookens, prays that Judgment be entered as follows:

(a) Against Defendant Pension Plan and the Company as Plan Administrator which have **voluntarily** declared that Delsie has met the spousal benefits requirements under provisions of the Pension Plan and is entitled to profits from the retained retirement benefits from the Pension Plan under the provisions of the Pension Plan;

(b) Against Defendant Pension Plan and the Company as Plan Administrator for profits and income accruing from retained benefits due Plaintiff and voluntarily paid as required under plan terms in her status as a surviving spouse of a pensioner from the date of death, together with prejudgment interest and post judgment interest on such income and profits from such benefits as are found due and owing from the due date for entitlement of payment until the date of actual payment, and reasonable attorneys' fees and costs incurred in this action and in connection with any proceedings to enforce or collect any judgment, and

(c) For such other or further relief, legal or equitable, as may be just, necessary and appropriate.

JOHN M. STULL (DEL BAR #568)
1300 NORTH MARKET STREET,
SUITE 700
P. O. BOX 1947
WILMINGTON, DELAWARE 19899
Ph. 302) 654-0399

DATE: June 16, 2007                    Attorney for Plaintiff

 ORIGINAL

JS 44 (Rev. 11/04)    FILED DISTRICT COURT    **CIVIL COVER SHEET**    07-387

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**
2007 JUN 18 AM 9: 39
Debsia Brookens

**DEFENDANTS**
General Motors Corp., Hrly Pension Plan

(b) County of Residence of First Listed Plaintiff   New Castle
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant   New Castle
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
P. M STULL, 1300 N. Market St. Wilmington, DE 19801 302 654 0399

Attorneys (If Known)

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☒ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☒ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 900 Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | | | ☐ 950 Constitutionality of |
| | Other | | | | State Statutes |
| | ☐ 440 Other Civil Rights | | | | |

**V. ORIGIN** (Place an "X" in One Box Only)
- ☐ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity): 29 USC §1001 etseq.
Brief description of cause: Fiduciary Breach of withheld benefits

**VII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23    DEMAND $    CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

**VIII. RELATED CASE(S) IF ANY**    (See instructions):    JUDGE _____    DOCKET NUMBER _____

DATE  June 18, 2007    SIGNATURE OF ATTORNEY OF RECORD  John M Stull

**FOR OFFICE USE ONLY**

RECEIPT # _____    AMOUNT _____    APPLYING IFP _____    JUDGE _____    MAG. JUDGE _____