UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| DELSIE E. BROOKENS, | ) |
| | ) |
| Plaintiff, | ) Case No. 07-387 (JJF) |
| | ) |
| vs. | ) |
| | ) |
| GENERAL MOTORS CORPORATION, a Delaware corporation, GENERAL MOTORS CORPORATION, Plan Administrator, and GM HOURLY-RATE EMPLOYEES PENSION PLAN, an employee pension benefit plan, | ) ) ) ) ) ) |
| | ) |
| Defendants. | ) |

ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANTS

NOW COME General Motors Corporation, a Delaware corporation, General Motors Corporation, Plan Administrator, and GM Hourly-Rate Employees Pension Plan (hereinafter "Defendants") Defendants in the above action, by and through their undersigned attorneys., and in answer to the Complaint filed herein state as follows:

JURISDICTION

1. Defendants make no response to Paragraph 1 of the Complaint because it states legal conclusions. Nevertheless, if a response is required, the allegations of Paragraph 1 of the Complaint are admitted.

2. Defendants do not have knowledge sufficient to either admit or deny the allegations of Paragraph 2 of the Complaint.

VENUE

3. Defendants make no response to Paragraph 3 of the Complaint because it states legal conclusions. Nevertheless, if a response is required, the allegations of Paragraph 3 of the Complaint are admitted.

- 2 -

## THE PARTIES

4. Defendants admit only that their records reflect that Plaintiff is a resident of the State of Delaware, is the surviving spouse of a former General Motors hourly employee who was employed at the General Motors facility in Wilmington, Delaware. Except as so admitted, the allegations of Paragraph 4 of the Complaint are denied.

5. The allegations of Paragraph 5 of the Complaint are admitted.

6. Defendants make no response to Paragraph 6 of the Complaint because it states legal conclusions. Nevertheless, if a response is required, the allegations of Paragraph 6 of the Complaint are admitted.

## COMMON FACTS

7. Defendants admit only that their records reflect that Plaintiff is the former spouse of David I. Brookens, that David I. Brookens worked as an hourly employee of General Motors and had completed more than 27 years of credited service under the General Motors Hourly-Rate Employees Pension Plan ("GM Pension Plan"). Except as so admitted, the allegations of Paragraph 7 of the Complaint are denied.

8. Defendants admit that David I. Brookens, as an hourly employee of General Motors, participated in certain General Motors benefit plans including the GM Pension Plan. Except as so admitted, the allegations of Paragraph 8 of the Complaint are denied.

9. Because Paragraph 9 of the Complaint is vague, unclear, and not understandable, the allegations of Paragraph 9 of the Complaint are denied.

10. Defendants admit only that David I. Brookens was a participant in the GM Pension Plan and entitlement to benefits is governed by the terms and conditions of the

Pension Plan. Except as so admitted, the allegations of Paragraph 10 of the Complaint are denied.

11. The allegations of Paragraph 11 of the Complaint are denied.

12. Defendants admit only that, although not legally obligated to do so, surviving spouse benefits were gratuitously paid to Plaintiff upon presentation of a domestic relations order in May, 2004, and such benefits were paid retroactive to March, 1992. Except as so admitted, the allegations of Paragraph 12 of the Complaint are denied.

13. In response to Paragraph 13 of the Complaint, Defendants refer to the letter of July 19, 2005. Defendants further aver that no interest is payable because the GM Pension Plan does not provide for such payment, because benefits were paid promptly upon presentation of the domestic relations order in 2004, and because prior to that date, Plaintiff had no entitlement to surviving spouse benefits under the GM Pension Plan.

14. The allegations of Paragraph 14 of the Complaint are denied.

## COUNT I - PENSION BENEFITS UNDER ERISA

15. Defendants repeat and reallege their answers to Paragraphs 1 through 14 of the Complaint as if fully stated and incorporated herein.

16. The allegations of Paragraph 16 of the Complaint are denied. In further response, Defendants refer specifically to provisions of the GM Pension Plan describing entitlement to surviving spouse benefits.

17. The allegations of Paragraph 17 of the Complaint are denied. Defendants further aver that Plaintiff was not the surviving spouse of Decedent at the time of his death and interest is not payable under the circumstances presented herein.

18. In response to Paragraph 18 of the Complaint, Defendants contend that no interest or other payments are due to Plaintiff beyond the benefit she currently receives.

19. Defendants admit only that, although there was no legal obligation to do so, surviving spouse benefits were paid to Plaintiff pursuant to the terms of a domestic relations order presented in May, 2004, and that Plaintiff had no entitlement to benefits prior to that date.

20. Defendants make no response to Paragraph 20 of the Complaint because it merely states the wishes of Plaintiff and legal conclusions.

21. The allegations of Paragraph 21 of the Complaint are denied.

22. The allegations of Paragraph 22 of the Complaint are denied.

23. The allegations of Paragraph 23 of the Complaint are denied.

24. The allegations of Paragraph 24 of the Complaint are denied.

25. The allegations of Paragraph 25 of the Complaint are denied.

WHEREFORE, Defendants respectfully pray that Plaintiff's Complaint be Dismissed with Prejudice, that Plaintiff take nothing by the filing of her Complaint, that Defendants be allowed to recover their costs, including reasonable attorney fees, incurred in the defense of this action, and for further and other relief as appropriate.

## AFFIRMATIVE DEFENSES

1  Plaintiff has failed to state a claim.

2  Plaintiff has failed to state a claim upon which relief can be granted.

3  Plaintiff cannot maintain her claims because she has failed to exhaust all available appeal procedures.

4    Plaintiff cannot maintain her claim for interest or other payments under the GM Pension Plan because the denial of such benefits by the Plan was made in good faith, in accordance with the provisions of the GM Pension Plan, and was neither arbitrary nor capricious.

5    Defendants have discharged their duties under the GM Pension Plan, in the interest of such Program, participants and their beneficiaries, and, in doing so, Defendants have acted in accordance with the documents and instruments governing the GM Pension Plan as well as applicable law.

6    Defendants have fully performed their contractual duties under the GM Pension Plan, as well as other duties, if any, owed to the Plaintiff, and Plaintiff is estopped from asserting any cause of action against Defendants.

7    Plaintiff's Complaint must be dismissed because she is not entitled to the benefit that she seeks under the GM Pension Plan.

8    Plaintiff's claim for damages beyond the benefits available under the GM Pension Plan cannot be maintained under ERISA.

9    Defendants reserve the right to raise additional affirmative defenses as such may be ascertained during the course of this litigation.

Dated: October 19, 2007

ECKERT SEAMANS CHERIN & MELLOTT, LLC

*/s/ Margaret F. England*
Michael G. Busenkell (No. 3933)
Margaret F. England (Bar No.: 4248)
300 Delaware Avenue, Suite 1210
Wilmington, DE 19801
(302) 425-0430 (telephone)
(302) 425-0432 (facsimile)

- 6 -

Of Counsel:

David M. Davis (P24006)
Hardy, Lewis & Page, P.C.
401 South Old Woodward Avenue
Suite 400
Birmingham, Michigan 48009
Telephone: (248) 645-0800

*U0009834*

CERTIFICATE OF SERVICE

I, Margaret F. England, certify that on October 19, 2007, I caused a copy of the foregoing Answer and Affirmative Defenses of Defendants to be served in the manner indicated on:

>John M. Stull, Esquire
>1300 N. Market Street, Suite 700
>Wilmington, DE 19801
>***By Hand Delivery***

>*/s/ Margaret F. England*
>Margaret F. England (No. 4248)

*U0009857*