IN THE UNTIED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DELSIE E. BROOKENS,<br>    PLAINTIFF,<br><br>v.<br><br>GENERAL MOTORS CORPORATION, a Delaware Corporation, GENERAL MOTORS CORPORATION, Plan Administrator, and GM HOURLY-RATE EMPLOYEES PENSION PLAN, an employee pension benefit plan,<br>    DEFENDANTS. | )<br>)<br>) C.A. No. 07-387(JJF)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**MOTION TO REQUEST EXTENTION OF TIME FOR PLAINTIFF TO FILE ANSWERING BRIEF IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT AND IN RESPONSE TO DEFENDANTS' BRIFING IN MOTIONFOR SUMMARY JUDGMENT**

COMES NOW, Plaintiff Delsie E. Brookens, ("Brookens" or "Plaintiff") through counsel, and Moves this Court for an Extension of Time in which Plaintiff is to file a Motion for Summary Judgment in the above action beyond the Court Order date of March 31, 2008, and responding to the Court Order of May 12, 2008, allowing until May 27, 2008 to file same. In support of this Request, Plaintiff states that her Counsel has been unable to contact his client as to needs of further information in support of said motion, and, in addition, has had further time constraints due to other court requirements, thereby restricting his availability to formulate an adequate analysis of the Affirmative Defenses of Defendants' Answer and analysis of a 30-plus Appendix containing numerous misstatements as to the facts and law applicable to this matter, thereby necessitating this Motion. Counsel had previously discussed and agreed with counsel for Plaintiff to an extension time request to the Court.

1

WHEREFORE, Plaintiff therefore requests an extension of time to May 27, 2008, in which to file a Motion for Summary Judgment.

/s/ JOHN M. STULL
John M. Stull, (Bar #568)
Attorney for Plaintiff
3 Mill Road, Ste #306A
P. O. Box 1947
Wilmington, DE 19899

jstullesq@aol.com

Dated: May 27, 2008

IT IS SO ORDERED THIS _____ DAY OF May, 2008

_____
U. S. District Judge

## CERTIFICATE OF SERVICE

      I, John M. Stull, counsel for plaintiff herein, do certify that I did on or before May 27, submit the within request to the Court for Extension of Time to file a Motion for Summary Judgment via e-mail, and also forwarded a copy of Briefing in support thereof as a response to Defendants' Motion for summary Judgment, and did send a copy of same to counsel for Defendants via U. S. Mail, postage prepaid, with additional copies to the court and Counsel at Eckert Seamans Cherin & Mellot, LLC, 300 Delaware Avenue, Ste 1210, Wilmington, DE 19801, via e-mail to Margaret F. England, mengland@eckertseamons.com.

                                    \s\ JOHN M. STULL
                                    JOHN M. STULL, ESQUIRE (Bar #568)
                                    3 Mill Road, Ste #306A
                                    P. O. Box 1947
                                    Wilmington, DE 19899
                                    (302) 654-0399
                                    jstullesq@aol.com
                                    Attorney for Delsie E. Brookens

DATED: May 27, 2008

IN THE UNTIED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DELSIE E. BROOKENS, | ) |
| | ) |
| PLAINTIFF, | ) |
| | ) C.A. No. 07-387(JJF) |
| v. | ) |
| | ) |
| GENERAL MOTORS CORPORATION, a Delaware | ) |
| Corporation, GENERAL MOTORS CORPORATION, | ) |
| Plan Administrator, and GM HOURLY-RATE | ) |
| EMPLOYEES PENSION PLAN, an employee pension | ) |
| benefit plan, | ) |
| DEFENDANTS. | ) |

**PLAINTIFF'S SUMMARY JUDGMENT BRIEF IN SUPPORT OF AND IN RESPONSE TO DEFENDANTS' BRIEF IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JDUGMENT**

COMES NOW, Plaintiff Delsie E. Brookens, through counsel, and herewith provides the Court with Plaintiff's Brief in support of her Motion for Summary Judgment filed in the above action. In support of said Motion, Plaintiff states facts and legal analysis set forth below as follows:

FACTUAL AND LEGAL BASIS FOR PLAINTIFF'S MOTION:

1. Plaintiff Delsie Brookens ("Delsie") sought legal services from David S. Lank, Esquire, ("Lank") to obtain a divorce during the latter part of 1989. Lank agreed to provide legal representation for Delsie in obtaining a divorce from David I. Brookens, which divorce was entered as of December 26, 1989.

As a result of this divorce action, Delsie entered into a Separation and Property Division Agreement by which property of the marriage was apportioned. Mr. Brookens was unrepresented and Lank therefore drafted the Agreement (without adjustment or objection from Mr. Brookens) so as to fairly divide the marital

1

assets. Section V., Retirement/Employment Benefits, Subsection B, of the Agreement provided that "Husband shall designate Wife irrevocably as survivor beneficiary of any insurance or pension benefits provided through Husband's employment to which Wife would have been entitled as a surviving spouse had the parties not divorced." This Agreement was dated April 30, 1990 and was signed by both parties, witnessed only by David Lank. The Family Court approved this Agreement on the same day, April 30, 1990.

In contrast to this expectation of her being fully entitled to survivor benefits, this expectation did not materialize. Only after the death of David I. Brookens on March 5, 1991, and as a result of her repeated attempts to secure her survivor benefits from the employer of David I. Brookens, she eventually learned on January 23, 2002, that she was not eligible for survivor benefits because she was not the spouse of David I. Brookens on the date of his death (March 5, 1991).

Following the execution of the Agreement on April 30, 1989, an ordinary and reasonable level of skill, knowledge, care and prudence common to members of the legal profession in the community dealing in the area of Family Law would have required that Lank draft and perfect a Stipulated Qualified Domestic Relations Order ("QDRO") for signature of the parties and submission to the Family Court for entry. Lank failed to so draft such an Order and failed to obtain such an Order from the Family Court for submission to the Plan Administrator for the General Motors Pension Plan for Salaried Employees.

Failure to draft and obtain such an Order in favor of Delsie has caused her to be denied the survivor benefits of David I. Brookens as of the date of his death which would have been payable as of the date of his death on March 5, 1991, and which would have continued to this current date and for as long as Delsie survives. This failure has deprived Delsie a qualify of life factor.

2

As a consequence of failure of Lank to provide Delsie with the necessary monthly benefit amounts that would have accrued to her for the last 12 years, Delsie has been deprived of the time value of money as related to these non-existent monthly benefit payments that should have been paid but for the failure of Lank to provide a level of legal services common to the community of practicing Family law attorneys in 1990-1991. This time value of money would compute to an interest amount due on each monthly payment that was not timely paid when due, thereby adding to the dollar loss that Delsie has suffered because of the intentional and grossly negligent provision of legal services provided to Plaintiff.

Regardless of the lack of entry of a QDRO, Delsie hereby has established her claim for survivor benefits under the General Motors Hourly-rate Pension Plan under which Mr. Brookens was enrolled and to which his pension rights established Delsie's right to survivor benefits.

Her divorce by means of a QDRO in order to provide survivor benefits to an ex-spouse of an employed spouse as would be allowed under federal law by provision of a QDRO to be submitted to a Plan Administrator of the employer's pension plan in which the employed spouse was a participant. See the case of Files v. ExxonMobile Pension Plan, 428 F.3d 478 (3rd Cir.2005).

2. The Family Court of the State of Delaware has provided an Order nunc pro tunc as to Delsie Brookends in order for Delsie to be qualified as a surviving spouse under the pension plan of David I. Brookens on his death.

As a result of the death of David I. Brookens and regardless of the lack of a QDRO as of the date of death of David Brookens in favor of Delsie, she non-the-less has established her rights to enable her to obtain a survivor benefit upon the death of David I. Brookens via the Order of the Family Court nunc pro tunc.

WHEREFORE, Delsie by means of a judgment establishing her QDRO rights nunc pro tunc as of the date of death of David Brookens, has established her rights to survivor benefits under the General Motors Hourly-Rate Pension Plan and seeks same under a breach of fiduciary duty of Defendants by not honoring said QDRO rights and accepting Delsie's rights establidhed under the legal precepts of the case of Files v. Exxonmobil Pension Plan per above reference.

3. On July 19, 2005 General Motors Benefits Center advised Delsie by and through her attorney John M. Stull that her request for survivor benefits was honored in the amount of $25,221, retroactively effective to March 28, 1992. However, General Motors Benefits Center advised that no further entitlement of interest on delayed payment of such benefits was available.

In spite of the Pension Plan agreeing to pay retroactive benefits, the failure of said Plan to pay retroactive benefits including interest on said delayed benefits is in violation of the precepts embodied in the recent Third Circuit decision in Skretvedt v. DuPont Pension Plan, et.al., December 14, 2007, No. 07-1081, and the supplemental Order of Judgment issued by the February 28, 2008, by the Honorable Mary Pat Thynge of this Court, c.v. No. 98-61.

4. As supplement to the above, Delsie has established her rights to interest on delayed payments from a pension plan such as to secure her entitlement to interest on delayed payments in the amount of approximately $25,000, being the amount due at the interest rate of 15% due to a fiduciary breach of the defendants herein as compensation for denial of benefits for approximately 16 years..

WHEREFORE, Plaintiff Delsie has established her rights to judgment against Defendants to be determined herein as general damages, special damages, and compensation for loss of use of funds, and the cost of this action as shown by Delsie's loss of benefits and interest thereon.

\s\ JOHN M. STULL
JOHN M. STULL, ESQUIRE (Bar #568)
3 Mill Road, Ste #306A
P. O. Box 1947
Wilmington, DE 19899
(302) 654-0399
jstullesq@aol.com
Attorney for Delsie E. Brookens

DATED: May 27, 2008

## CERTIFICATE OF SERVICE

      I, John M. Stull, counsel for plaintiff herein, do certify that I did on or before May 27, submit the within request to the Court for Extension of Time to file a Motion for Summary Judgment via e-mail, and also forwarded a copy of this Briefing in support thereof as a response to Defendants' Motion for Summary Judgment, and did send a copy of same to counsel for Defendants via U. S. Mail, postage prepaid, with additional copies to the Court, and to Counsel at Eckert Seamans Cherin & Mellot, LLC, 300 Delaware Avenue, Ste 1210, Wilmington, DE 19801, via e-mail to Margaret F. England, mengland@eckertseamons.com.

                              /s/ JOHN M. STULL
                              John M. Stull, (Bar #568)
                              Attorney for Plaintiff
                              3 Mill Road, Ste #306A
                              P. O. Box 1947
                              Wilmington, DE 19899
                              jstullesq@aol.com

Dated: May 27, 2008