UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

DELSIE E. BROOKENS,

        Plaintiff,

vs.

GENERAL MOTORS CORPORATION,
a Delaware corporation; GENERAL MOTORS
CORPORATION, Plan Administrator, and
GM HOURLY-RATE EMPLOYEES PENSION
PLAN, an employee pension benefit plan,

        Defendants.

Case No. 07-387

Hon. Joseph J. Farnan, Jr.

DEFENDANTS' REPLY BRIEF IN SUPPORT OF ITS MOTION FOR SUMMARY
JUDGMENT AND RESPONSE TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

Margaret F. England (Del. Bar No. 4248)
Eckert, Seamans, Cherin & Mellott, LLC
300 Delaware Avenue, Ste. 1210
Wilmington, DE 19801
Telephone: (302) 425-0430
Telecopier: (302) 425-0432

Of Counsel

David M. Davis (MI Bar No. 24006)
Hardy, Lewis & Page, P.C.
401 South Old Woodward Avenue, Ste. 400
Birmingham, Michigan 48009
Telephone: (248) 645-0800
Telecopier: (248) 645-2602

Attorneys for Defendants

## TABLE OF CONTENTS

INDEX OF AUTHORITIES ................................................................................................... ii

INTRODUCTION ................................................................................................................... 1

ARGUMENT ........................................................................................................................... 2

    I.     Plaintiff Appears to Blame Her Former Attorney for Her Failure to Receive Interest on Surviving Spouse Benefits Payable from March 1, 1992 Through August 31, 2004 ................................................................................ 2

    II.    The Case Law Relied Upon by Plaintiff Fails to Support His Claim for Interest ............................................................................................................... 3

CONCLUSION ........................................................................................................................ 6

TABLE OF AUTHORITIES

**Legal Decisions**

Files v. ExxonMobil Pension Plan,
428 F.3d 478 (3d Cir. 2005) ..................................................................................................4, 5

Samaroo v. Samaroo, 193 F.3d 185 (3d Cir. 1999),
cert. denied 529 U.S. 1062 (2000) ........................................................................................4, 5

Skretvedt v. E.I. DuPont de Nemours & Co. Inc.,
260 Fed. Appx. 531 (3d Cir. 2008)........................................................................................3, 4


**Statutory Authority**

ERISA § 206(d)(3), 29 U.S.C. § 1056(d)(3) ...............................................................................3, 4

UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

DELSIE E. BROOKENS,

        Plaintiff,

vs.

GENERAL MOTORS CORPORATION,
a Delaware corporation; GENERAL MOTORS
CORPORATION, Plan Administrator, and
GM HOURLY-RATE EMPLOYEES PENSION
PLAN, an employee pension benefit plan,

        Defendants.

        Case No. 07-387

        Hon. Joseph J. Farnan, Jr.

### DEFENDANTS' REPLY BRIEF IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT AND RESPONSE TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

INTRODUCTION

On March 31, 2008, Defendants filed their Motion for Summary Judgment (D.E. 19) On the same date, Defendants filed their brief in support of their Motion (D.E. 21). On May 30, 2008, Plaintiff filed her Summary Judgment Brief in Support of and in Response to Defendants' Brief (identified on the Docket Sheet as a Motion for Summary Judgment, D.E. 27). Also on May 30, 2008, the Court entered its Order allowing Plaintiff's request for an extension of time to file her Motion for Summary Judgment, D.E. 26, and setting dates for further replies and responses.[1]

At this time, Defendants file their combined Reply in support of their Motion for Summary Judgment and their Response to Plaintiff's Motion for Summary Judgment.

---

[1] It appears that the Court's granting of the Motion was influenced by Plaintiff's counsel's representation that he had discussed his proposed submissions with counsel for Defendants. The representation was false. Plaintiff's counsel never consulted counsel for Defendants.

- 1 -

ARGUMENT

    I.    <u>Plaintiff Appears to Blame Her Former Attorney for Her Failure to Receive Interest on Surviving Spouse Benefits Payable from March 1, 1992 Through August 31, 2004</u>

Plaintiff's Brief, D.E. 27, recounts the circumstances attendant to Plaintiff's divorce from David I. Brookens, such Judgment of Divorce being entered on December 26, 1989. The brief advises that a separation agreement, dated April 30, 1990, signed by both parties, provided that Plaintiff would be entitled to surviving spouse benefits.

Much time is devoted to complaining about the inadequate legal services provided by Attorney David Lank (now deceased) and his failure to draft a qualified domestic relations order for submission to General Motors Corporation, Plan Administrator of the General Motors Hourly Rate Employees Pension Plan ("GM Pension Plan"). Plaintiff concedes that the failure to draft and submit such an order resulted in Plaintiff not receiving surviving spouse benefits commencing as of the date of the death of David Brookens:

> Failure to draft and obtain such an Order in favor of Delsie has caused her to be denied the survivor benefits of David I. Brookens as of the date of his death which would have been payable as of the date of his death on March 5, 1991, and which would have continued to this current date and for as long as Delsie survives. This failure has deprived Delsie a quality of life factor.

Plaintiff's Brief at page 2. Indeed, Plaintiff recognizes that any failure to receive the time value of money (interest) is due to Attorney Lank's non-action:

> This time value of money would compute to an interest amount due on each monthly payment that was not timely paid when due, thereby adding to the dollar loss that Delsie has suffered because of the intentional and grossly negligent provision of legal services provided to Plaintiff.

Plaintiff's Brief at page 3.

As demonstrated in Defendants' prior brief and herein, General Motors did nothing wrong in this case. Rather, once the Separation Agreement was submitted, after the death of David Brookens, it properly advised Plaintiff that such Agreement did not constitute a qualified

domestic relations order under section 206(d)(3) of the Employee Retirement Income Security Act of 1974, as amended, ERISA, 29 U.S.C. § 1056(d)(3). General Motors further advised that if a proper domestic relations order was submitted it would be considered and, if it satisfied the requirements of ERISA, benefits would be paid.

On May 12, 2004, the New Castle County Family Court entered a Stipulated Amended Qualified Domestic Relations Order *nunc pro tunc,* retroactive to April 30, 1990. The Amended Order was submitted to Defendants for review; it was determined the Order met the requirements of ERISA, and Plaintiff was advised by letter dated November 5, 2004 that the Order was qualified.

In October 2004, Plaintiff was sent a lump sum payment of $25,221.23, representing surviving spouse benefits for the period from March 1, 1992 through August, 2004. No interest is payable on this retroactive amount based on the circumstances herein.

II.  The Case Law Relied Upon by Plaintiff Fails to Support Her Claim for Interest

Plaintiff cites Skretvedt v. E.I. DuPont de Nemours & Co. Inc., 260 Fed. Appx. 531 (3rd Cir. 2008), in support of her claim for interest. However a close reading of the case reveals that no interest is payable when the plan administrator does not wrongfully withhold benefits.

Plaintiff in Skretvedt had two claims, one for the Incapacity Retirement and the other for Total and Permanent Disability Income Plan. The Court in a prior decision reversed the lower court and held that plaintiff was eligible for the Incapacity Retirement. This Incapacity Retirement had previously been denied by defendant and the denial was upheld by the District Court. Based on the remand and the further decision of the Magistrate Judge, defendant granted the Incapacity Retirement and the resultant benefits to the Plaintiff. The claim for benefits under the Total and Permanent Disability Income Plan was then considered by defendant DuPont and voluntarily granted.

Plaintiff claimed entitlement to interest with respect to both claims. The Third Circuit granted interest only with respect to the Incapacity Retirement benefits because such benefits had been wrongfully denied by defendant DuPont. However, because the benefits under the Total and Permanent Disability Income Plan were not wrongfully denied, the Court held that no interest was payable:

> With respect to Skretvedt's claim for interest on the delayed payment of his T & P benefits, we agree with the Magistrate Judge that DuPont did not wrongfully withhold those benefits. DuPont awarded T & P benefits voluntarily after Skretvedt obtained a judgment for incapability benefits as a result of *Skretvedt I*. Under the plan's policy, DuPont could not have awarded T & P benefits without a prior incapability-benefits award. Moreover, the evidence suggests that Skretvedt is not totally and permanently disabled.

260 Fed. Appx. at 535-536.

Applying the same rationale, General Motors did not wrongfully deny Plaintiff surviving spouse benefits. Rather, when presented with the Separation Agreement, it correctly advised that the Agreement did not satisfy the requirement of a qualified domestic relations order under section 206(d)(3) of ERISA, 29 U.S.C. § 1056(d)(3). It further advised that it would consider a domestic relations order when submitted. An amended domestic relations order was submitted and approved. Plaintiff was then paid surviving spouse benefits, including the $25,221.23, representing surviving spouse benefits for the period from March 1, 1992 through August, 2004. Under these circumstances, Plaintiff is not entitled to interest from General Motors or the GM Pension Plan.

The decision in Files v. ExxonMobil Pension Plan, 428 F.3d 478 (3d Cir. 2005), distinguished the holding in Samaroo v. Samaroo, 193 F.3d 185 (3d Cir. 1999), cert. denied 529 U.S. 1062 (2000), but has no relevance to these circumstances.

In Samaroo neither the judgment of divorce nor the separation agreement awarded surviving spouse benefits to plaintiff. After the death of the participant, plaintiff presented a

domestic relations order entered *nunc pro tunc* purporting to award her surviving spouse benefits. The Court in <u>Samaroo</u> upheld the pension plan's refusal to honor the *nunc pro tunc* order because it violated provisions of ERISA applicable to qualified orders by requiring the plan to provide increased benefits, i.e., survivor benefits which had lapsed after the participant's death.

In contrast, in <u>Files</u> the separation agreement awarded plaintiff "one-half of Exxon's pension." 428 F.3d at 480. Although the plan determined that the separation agreement did not constitute a qualified domestic relations order under ERISA, the Court held that a domestic relations order entered after the death of the participant which, consistent with the separation agreement, provided plaintiff with a separate interest in the pension plan based on benefits that existed before the death of the participant, was a qualified order under ERISA and should be honored. The Court noted that the participant had reached age 50 (the date the pension became payable) prior to his death, and the plaintiff could have enforced her right to one-half of the pension benefit. 428 F.3d at 488. The Court never addressed whether plaintiff would have been entitled to interest on past due benefits.

In this case, General Motors honored the domestic relations order presented to it after the participant's death in that it was consistent with the separation agreement. General Motors only received the separation agreement after the death of the participant and advised Plaintiff's counsel that it would consider a domestic relations order submitted thereafter if consistent with the separation agreement. Plaintiff was so advised by letter from General Motors dated April 29, 2004 (Exhibit D to Defendant's Motion for Summary Judgment):

> The Separation Agreement you sent does not satisfy the QDRO requirements of the Employee Retirement Income Security Act of 1984 [sic], as amended, Section 206(d). Therefore, no survivor benefits are preserved for Delsie by that document. Because the Separation Agreement does demonstrate an intent to preserve the survivor option, a DRO [domestic relations order] can be prepared, entered with the court and submitted to the PAC [Pension Administration Center] for review.

Exhibit D to Defendant's Motion, AR 190.

In summary, General Motors did nothing wrong and therefore no interest is payable with respect to $25,221.23, representing surviving spouse benefits for the period from March 1, 1992 through August 2004.

CONCLUSION

Based on the above and the arguments presented in support of their Motion for Summary Judgment, Defendants respectfully request that Plaintiff's claims be dismissed with prejudice and that Defendants' Motion for Summary Judgment be granted.

Respectfully submitted,

/s/ Margaret F. England
Margaret F. England (Bar No. 4248)
Eckert, Seamans, Cherin & Mellott, LLC
300 Delaware Avenue, Suite 1210
Wilmington, DE 19801
(302) 425-0430
E-mail: mengland@eckertseamans.com

Of Counsel

s/David M. Davis
David M. Davis (P24006)
Hardy, Lewis & Page, P.C.
401 S. Old Woodward Ave., Suite 400
Birmingham, Michigan 48009
(248) 645-0800
E-mail: dmd@hardylewis.com

Attorneys for Defendants

Dated: June 9, 2008

CERTIFICATE OF SERVICE

I, Margaret F. England, certify that on June 9, 2008, I caused a copy of Defendants' Reply Brief In Support of Its Motion for Summary Judgment and Response to Plaintiff's Motion for Summary Judgment to be served in the manner indicated on:

>John M. Stull, Esquire
>Three Mill Road
>P.O. Box 1947
>Wilmington, DE  19899
>***By U.S. Mail***

>*/s/ Margaret F. England*
>Margaret F. England (No. 4248)